Confession of lease, entry, and ouster, on condition an actual ouster should be proved.

## *Boner &c. vs. Smith &c.*

Error to the Pendleton Circuit; WILLIAM O. BROWN, Judge.

*Costs against plaintiff, or his lessors. Circuit rule. Judgment by confession and consent. Error.*

Chief Justice BIBB delivered the opinion of the court.

THE present plaintiffs in error were lessors of the nominal plaintiff, John Doe, in a declaration of ejectment against the casual ejector, Richard Roe. The notice was served on Larkin Smith, the tenant in possession, on the first day of April, 1826. At the return term, on motion of Elisha Erwin and Sarah his wife, their names, which had been inserted in the declaration as lessors of the plaintiff, were stricken out.

At a subsequent day of the term, the present plaintiffs in error, (the remaining lessors) came, and came also the tenant, Larkin Smith, and Elisha Erwin and Sarah his wife, and were admitted to defend in the place of the casual ejector, upon an offer to enter into the rule, to confess lease, entry and ouster, provided an actual ouster should be proved on the trial, and accordingly, the rule was specially entered, that the defendants agreed to confess lease and entry, and also ouster, provided an actual ouster should be proved, and the plaintiffs joined in the rule; by which it was stipulated as usual, that in case the plaintiff failed to prosecute his suit, for any other cause than the defendants not confessing lease, entry and ouster, as aforesaid, or if a verdict passed for the defendant on trial, that then, the lessors of

the plaintiff would pay to the defendants their costs, to be taxed, &c.

Afterwards, the plaintiff, upon his motion, discontinued, and thereupon the judgment was rendered for the defendants, that they recover their costs of the lessors of the plaintiff.

Afterwards, on the same day of the term, on motion of the lessors of the plaintiff by their attorney, the discontinuance was set aside, and also the judgment for costs; an order of survey was made, and the cause was continued until the next term.

At the ensuing term by consent of parties, it was ordered that the last order of the preceding term "setting aside the discontinuance &c. be set aside, and that said suit stand discontinued."

And now the said lessors of the plaintiff, in their proper names, have sued their writ of error to the judgment of April term, for costs, and camplain, and assign for error, that the court rendered the judgment for costs against the lessors of the plaintiff, instead of against the casual ejector.

It is true, that upon the appearance of the tenant and landlord, the lessors of the plaintiff might have refused to join in the consent rule, and might have abandoned the action, without being liable for costs.

But they joined in the consent rule, and thereby became responsible for costs, according to the terms of that rule.

Ordinarily, in case of a nonsuit, or verdict for defendant, the judgment for costs is entered against the plaintiff, who is the nominal person (the defendants not having violated the consent rule;) thereupon the costs are taxed, and marked upon the consent rule; and if upon presentation thereof to the lessor of the plaintiff, and demand made of the costs, by the defendant personally, or by his attorney named in the rule, the lessor refuse to pay, upon affidavit of such demand and of the lessor's refusal to pay the costs, an attachment may be obtained against the lessor.

BONER &c.
vs.
SMITH &c:
————————
Action discontinued, and judgment for costs against the plaintiff's lessors.

Discontinuance set aside, and order of survey.

Order setting aside the order of discontinuance, itself set aside by consent, at the next term.

Error assigned in the judgment for costs against the lessors.

If the lessors of the pl'ff refuse to join in the consent rule, and abandon their suit, they escape costs.

Where the lessors enter into the consent rule to pay costs, they are liable, and may be compelled to pay them *by attachment.* But—

Query, of the propriety of rendering a *judgment* against the lessors.

BONER &c.
vs.
SMITH &c.

The complaint then is, to the form of the judgment for costs, that it is against the persons really existing and properly responsible for them, instead of against the fictitious plaintiff, who, because he is not existing, is in fact irresponsible.

Whether this court ought to reverse a judgment for costs, merely because it is entered against the lessors of the plaintiff, that is against the real plaintiff, instead of against the fictitious nominal plaintiff, may admit of future consideration.

Where the order setting aside a judgment for costs, is itself set aside, by consent at a subsequent term, the first judgment is restored, and stands as a judgment confessed, and cannot be reversed here.

In this case, the judgment was entered against the lessors of the plaintiff; after that judgment for costs had been actually set aside, they did, at a subsequent term, consent to set aside the order of the preceding term, which had rescinded the judgment for costs. It is by virtue of this consent, given and entered at the subsequent term, that the judgment for costs against the lessors stands. Without the consent of the July term, the judgment for costs at the preceding term would not be in force and operation; it was annulled; the plaintiffs assented to an order for restoring it; and now prosecute their writ of error to it. It is now a judgment by consent; which, like every judgment by confession, is equal to a release of errors. The common law maxim is, *"consensus tollit errorem.."* The statute says, "a judgment by confession shall be equal to a release of errors." 1. Digest 255, Sect. 44. It would be going far in the teeth of the common law and statutory law, were we now to reverse a judgment which owes all its force and operation as a judgment to the consent of the parties to that judgment, and to the consent of the very persons complaining of it.

Judgment affirmed.

It seems to this court that the consent given at the July term, 1826, by which the rescinded judgment of the preceding term, was again made operative and in force, is equivalent to a release of errors apparent on the record. It is therefore considered by the court, that the said judgment be affirmed, with costs, &c.

*Depew* for plaintiffs.